

CLERK'S OFFICE
A TRUE COPY
Jan 08, 2025
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>information associated with ▮▮▮▮@gmail.com and<br>▮▮▮▮@gmail.com stored at premises owned,<br>maintained, controlled, or operated by Google LLC | Case No. **25-M-309 (WEC)** |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the   **Northern**   District of   **California**
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before   **January 22, 2025**   *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.     ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   **Hon. William E. Callahan, Jr.**   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   **1/8/25, 4:40 p.m.**

*Judge's signature*

City and state:   **Milwaukee, Wisconsin**     Hon. William E. Callahan, Jr., U.S. Magistrate Judge
*Printed name and title*

| **Return** |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name(s) of any person(s) seized: |||

| **Certification** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. |

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# ATTACHMENT A

**Property to Be Searched**

This warrant applies to information that is stored at premises owned, maintained, controlled, or operated by Google, Inc., an electronic service provider, headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043, and associated with the following account identifiers ("Target Google Accounts"):

- ███████@gmail.com; and
- ███████@gmail.com.

# ATTACHMENT B

## Information to be Seized

### I. Information to be disclosed by Google LLC

To the extent the information described in Attachment A is within the possession, custody, or control of Google LLC, regardless of whether such information is located within or outside of the United States, including any messages, records, files, logs, or information that have been deleted but are still available to Google LLC or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Google LLC, is required to disclose the following information to the government for each account listed in Attachment A:

1. All business records and subscriber information, in any form kept, pertaining to the Account, including:

    a. Names (including subscriber names, user names, and screen names);

    b. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses, including alternate and recovery email addresses);

    c. Telephone numbers, including SMS recovery and alternate sign-in numbers; and

    d. Length of service (including start date and creation IP) and types of service utilized.

2. The contents of all records associated with the account in Google Drive (including Docs, Sheets, Forms, and Slides) and Google Keep from January 29, 2023 to the present, including: files, folders, media, notes and note titles, lists, and other data uploaded, created, stored, or shared with the account including drafts and deleted records; third-party application data and backups; SMS data and device backups; the creation and change history of each record; accounts with access to or which previously accessed each record; any location, device, other Google service (such as Google Classroom or Google Group), or third-party application associated with each record; and all associated logs, including access logs and IP addresses, of each record;

3. The contents of all media associated with the account in Google Photos, including: photos, GIFs, videos, animations, collages, icons, or other data uploaded, created, stored, or shared with the account, including drafts and deleted records; accounts with access to or which previously accessed each record; any location, device, or

third-party application data associated with each record; and all associated logs of each record, including the creation and change history, access logs, and IP addresses; and

4. Any other photo or video files saved by or otherwise associated with the accounts and stored using any service provided by Google.

Google LLC is hereby ordered to disclose the above information to the government within 14 DAYS of service of this warrant.

## II. Information to be seized by the government

All information described above in Section A that constitutes fruits, evidence, and instrumentalities of violations of Title 18, United States Code, Section 1591(a)(1) and (b)(2) (sex trafficking by force, fraud, or coercion) or Title 18, United States Code, Section 1594(b) (conspiracy to commit sex trafficking) involving MORRELL D. JOHNSON and/or any co-conspirators, including:

1. Any image or video depicting JOHNSON and/or any co-conspirator physically abusing, restraining, imprisoning, or threatening the victim referred to in the affidavit supporting this warrant as AV-6;

2. Any data associated with such image or video files, including data indicating when, where, or using what IP address those files were created, edited, uploaded, or saved; and

3. Evidence indicating the identity of the person(s) who created or used the accounts.

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin



CLERK'S OFFICE
A TRUE COPY
Jan 08, 2025
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
information associated with ▮▮▮▮▮@gmail.com and ) Case No. **25-M-309 (WEC)**
▮▮▮▮▮@gmail.com stored at premises owned, )
maintained, controlled, or operated by Google LLC )

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the  Northern  District of  California , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1591(a)(1), (b)(1) | sex trafficking by force, fraud, or coercion |
| 18 U.S.C. 1594 | conspiracy to commit sex trafficking |

The application is based on these facts:
See attached affidavit

☐ Continued on the attached sheet.

☐ Delayed notice of ___ days *(give exact ending date if more than 30 days: ___ )* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent Kevin Bennett, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
telephone  *(specify reliable electronic means)*.

Date: **1/8/25**

*Judge's signature*

City and state:  Milwaukee, Wisconsin   Hon. William E. Callahan, Jr., U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT

I, KEVIN BENNETT, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I have been employed with the Federal Bureau of Investigation (FBI) since 2023 and am currently assigned the rank of Special Agent and have been assigned to the FBI Milwaukee's Child Exploitation and Human Trafficking Task Force since June 2023. My duties include investigating violations of federal law, including but not limited to offenses involving the coercion, enticement, and sexual exploitation of minors, forced labor, and sex trafficking.

2. I am an investigator within the meaning of Title 18, United States Code, Section 2510(7), and I am empowered by law to conduct investigations, execute and serve search warrants, and make arrests for offenses enumerated in Title 18 of the United States Code or committed against the United States.

3. I have received training related to the investigation and enforcement of federal human trafficking laws. As a result of this training and my experience, I am familiar with the technologies traffickers use to recruit, communicate with, and exploit their victims. These include posting online advertisements for commercial sex dates, communicating electronically with prospective commercial sex buyers, and distributing sexually explicit images and videos of trafficking victims. I have also received more general training and gained experience in interviewing techniques, search warrant applications, the execution of searches and seizures, and the seizure, processing and identification of electronic evidence.

4. The facts in this affidavit come from my personal observations, my training and experience, information obtained from citizen witnesses, and information reported to me by other law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable.

## PURPOSE OF AFFIDAVIT

5. I make this affidavit in support of an application a search warrant under Title 18, United States Code, Section 2703(c)(1)(A) for information associated with certain accounts that is stored on computer servers at premises owned, maintained, controlled, or operated by **Google, LLC ("Google")**, an electronic communications and remote computing service provider headquartered at 1600 Amphitheatre Parkway, Mountain View, California. The "**Target Google Accounts**" are those accounts associated with the following email addresses:

   a. ▮@gmail.com; and
   b. ▮@gmail.com.

6. The information to be searched is described in the following paragraphs and in Attachment A to each application. The warrant I seek would require Google to disclose to the government records and other information in their respective possessions pertaining to the subscribers or customers associated with the above-described identifiers, including the contents of communications. Upon receipt of the information described in Section I of Attachment B to each application, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

7. This affidavit is intended only to show that there is sufficient probable cause for the requested warrants. It does not set forth all of my knowledge about this matter.

## JURISDICTION

8. Based on my training and experience, and the facts as set forth in this affidavit, there is probable cause to believe that MORRELL D. JOHNSON has committed violations of Title 18, United States Code, Sections 1591(a)(1) and (b)(2) (sex trafficking by force, fraud, or coercion) and Section 1594(b) (conspiracy to commit sex trafficking).

9. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) & 2703(c)(1)(A). Specifically, the Court is "a district court of the United States... that has jurisdiction over the offenses being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

10. Case agents have been investigating MORRELL D. JOHNSON for using force, fraud, and coercion to cause victims to engage in commercial sex acts during a period that spans from at least 2022 through 2024.

11. The investigation to date has revealed that since approximately the summer of 2022, JOHNSON has trafficked women for commercial sex by manipulating their drug addictions and using physical violence. In my training and experience, I know that traffickers often use drugs and physical force to control women and keep them obedient and loyal.

12. To date, case agents have interviewed multiple women who have described how JOHNSON manipulated their drug addictions, beat them, and/or threatened them with physical violence. They described how JOHNSON used drugs such as heroin, crack/cocaine, and fentanyl to keep women addicted, craving drugs, and continuing to perform commercial sex acts at his direction to earn money that he would ultimately take. JOHNSON used physical violence to include slapping, punching, threatening violence with firearms, and putting women in dog cages as punishment to gain further control and compliance from the women he trafficked.

13. All of the women interviewed had knowledge of a particular instance of severe violence where JOHNSON beat a woman, kept her inside a dog cage, and forced her to perform sexual acts on several males as punishment. One of the women, Adult Victim 1 (AV-1), witnessed what happened (and was directed by JOHNSON to participate), while the others all learned of it from JOHNSON, who boasted about the incident and showed them a video of it.

3

14. The victim of this incident is referred to in this investigation as Adult Victim 6 (AV-6). Case agents interviewed her on December 6, 2024, and again on December 20, 2024. She explained how when she met JOHNSON in the late summer or early fall of 2022, she was addicted to heroin and staying with friends on W. Becher Street in Milwaukee, across the street from a trap house run by JOHNSON. AV-6 said JOHNSON had a reputation for "helping" addicted women by supplying women with drugs and housing.

15. JOHNSON sent people to AV-6 three times before she agreed to meet with him. When she did, JOHNSON offered to "help" her as described above, but she had to prostitute for him. JOHNSON convinced AV-6 that he would protect her and that she would make far more money than she could alone if she worked for him. She quickly learned, however, that JOHNSON expected her to turn all of her earnings over to him instead.

16. AV-6 described the incident involving the dog cage, which occurred on January 29, 2023, as follows:

   a. JOHNSON had given AV-6 a cellular phone that she was to use for setting up commercial sex dates to make money for him. AV-6 took that phone to a trap house, where she bought drugs. AV-6 left the phone unattended in her purse when she used the bathroom. Later, she discovered someone had taken it.

   b. AV-6 was afraid to return to JOHNSON without the phone. She also did not want JOHNSON to know she had gotten drugs from someone other than him, as keeping money she had earned for herself and obtaining drugs from someone were violations of his rules. AV-6 had previously witnessed JOHNSON punish another woman with physical violence, and she feared the same would happen to her, so she ran away and tried to hide from JOHNSON and his associates.

4

c. Meanwhile, according to other witnesses, JOHNSON offered a $100 reward to anyone who would bring AV-6 to him so he could punish her for "stealing" the phone.

d. Eventually, two of JOHNSON's associates located AV-6 at another trap house. AV-6 did not know these individuals or realize they had been sent by JOHNSON. They offered her heroin to use, which she found to be particularly strong. While she was high, they lured her into a car and drove her to JOHNSON's trap house, which was located at 32XX W. Becher Street in Milwaukee.

e. AV-6 was dragged out of the vehicle and into the house, where JOHNSON ordered her to strip naked. After she removed her clothes, JOHSNON directed AV-6 to get into a dog cage, which was normally used to hold pit bulls that JOHNSON owned.

f. While AV-6 was inside the cage, JOHNSON placed a video call to an unknown woman. AV-6 stated JOHNSON was talking in a joking fashion with the female and told her, "This is what happens when you steal from me." AV-6 stated that JOHNSON was recording a video of her inside the dog cage.

g. After this, JOHNSON took AV-6 out of the cage. AV-6 was held down by multiple males who sexually assaulted AV-6 by vaginally penetrating her. During this time, JOHNSON also had AV-1 beat AV-6, before ordering her back inside the dog cage.

h. Following this, JOHNSON again took AV-6 out the dog cage, and he ordered her to perform oral sex on several males in the middle of the room. According to witnesses, if AV-6 did not act enthusiastic enough about what she was doing, JOHNSON made her start over again. Following this, JOHNSON put AV-6 back inside the dog cage.

5

i. The next time JOHNSON took AV-6 out of the dog cage, he beat her with a thick dog rope toy. Multiple witnesses described JOHNSON later showing them this toy and demonstrating on a couch how he had beaten AV-6.

j. While this was going on, AV-6 recalls hearing the police make entry to the apartment building. She heard them knock on the door twice. JOHNSON turned out the lights and directed everyone to be quiet. After the police knocked a second time and no one answered, they left.

k. After the police left, JOHNSON took AV-6 to his second unit upstairs until the coast was clear. He also gave AV-6 drugs as a reward for remaining quiet.

l. Lastly, JOHNSON took AV-6 back downstairs, put her inside a dog play pen, held her legs open, applied rubbing alcohol to her vagina, then forced her to take a cold bath.

m. All of these events took place on the same day, over the course of several hours.

n. As a result of this incident, AV-6's face was severely swollen, and she had marks on her body. JOHNSON forced AV-6 to remain in the house for several days until the injuries were less visible.

17. AV-1, who participated in this incident as explained above, described the incident in a similar way to the description given by AV-6.

18. JOHNSON used this punishment as a warning for all the women he was trafficking about what could happen to them if they did not follow his rules. Each of the victims interviewed to date pointed to this incident and the video of it as a major reason why they feared JOHNSON and tried to comply with his demands.

19. One of these victims, referred to in this investigation as Adult Victim 5 (AV-5), said she obtained a copy of the video of this incident from JOHNSON via text. She recalled that

6

the video depicted a woman inside a dog cage crying, being yelled at, and, at one point, being inside the cage with a dog. AV-5 believed she had saved the video in one of the **Target Google Accounts**, but she said she could no longer recall her passwords for those accounts. AV-5 also indicated that her linked password recovery accounts were out of date, so she would be unable to reset the passwords.

20. The victims referred to in this investigation as Adult Victim 2 (AV-2) and Adult Victim 4 (AV-4) also agreed that a video of this incident exists. AV-2 stated she had seen the video on the phone of one of JOHNSON's associates named JOHNNY PICKENS, known to her as "J Money," and that PICKENS had received the video directly from JOHNSON. AV-2 stated PICKENS had told her that JOHNSON had offered PICKENS oral sex from the woman in the cage, but PICKENS claimed he had declined. AV-4 stated she had seen a photo of a woman inside a dog cage, and heard from others about a video of women being put inside a dog cage by JOHNSON.

21. I also learned that a video of this incident was shown to officers of the Milwaukee Police Department by an anonymous citizen. On the date of the incident, the citizen complainant responded to the District 1 station and showed officers a video he had clandestinely taken of JOHNSON holding AV-6 captive in the dog cage. This is what prompted the police response to 32XX W. Becher Street that AV-6 described. I also confirmed that when officers received no response after knocking, they took no further action. They also did not retain a copy of the video.

22. Based on these facts, there is probable cause to believe that the search warrant I seek will yield evidence of JOHNSON's involvement in sex trafficking—specifically a copy of the video of his physical abuse and imprisonment of AV-6.

7

# TECHNICAL BACKGROUND[1]

23. Google is a United States company that offers to the public through its Google Accounts a variety of online services, including email, cloud storage, digital payments, and productivity applications, which can be accessed through a web browser or mobile applications. Google also offers to anyone, whether or not they have a Google Account, a free web browser called Google Chrome, a free search engine called Google Search, a free video streaming site called YouTube, a free mapping service called Google Maps, and a free traffic tracking service called Waze. Many of these free services offer additional functionality if the user signs into their Google Account.

24. Google advertises its services as "One Account. All of Google working for you." Once logged into a Google Account, a user can connect to Google's full suite of services offered to the general public, described in further detail below. In addition, Google keeps certain records indicating ownership and usage of the Google Account across services, described further after the description of services below.

25. Specifically relevant here, Google offers a cloud-based photo and video storage service called Google Photos. Users can share or receive photos and videos with others. Google Photos can be trained to recognize individuals, places, and objects in photos and videos and automatically tag them for easy retrieval via a search bar. Users have the option to sync their mobile phone or device photos to Google Photos. Google preserves files stored in Google Photos indefinitely, unless the user deletes them.

26. Additionally, Google Drive is a cloud storage service automatically created for each Google Account. Users can store an unlimited number of documents created by Google

---

[1] The information in this section is based on information published by Google on its public websites, including, but not limited to, the following webpages: the "Google legal policy and products" page available to registered law enforcement at lers.google.com; product pages on support.google.com; or product pages on about.google.com.

Case 2:25-mj-05309-DUTY *SEALED* Filed 07/15/25 Page 15 of 20 Document 4-2

productivity applications like Google Docs (Google's word processor), Google Sheets (Google's spreadsheet program), Google Forms (Google's web form service), and Google Slides, (Google's presentation program). Users can also upload files to Google Drive, including photos, videos, PDFs, and text documents, until they hit the storage limit. Users can set up their personal computer or mobile phone to automatically back up files to their Google Drive Account. Each user gets 15 gigabytes of space for free on servers controlled by Google and may purchase more through a subscription plan called Google One. In addition, Google Drive allows users to share their stored files and documents with up to 100 people and grant those with access the ability to edit or comment. Google maintains a record of who made changes when to documents edited in Google productivity applications. Documents shared with a user are saved in their Google Drive in a folder called "Shared with me." Google preserves files stored in Google Drive indefinitely, unless the user deletes them.

27. Google maintains the communications, files, and associated records for each service used by a Google Account on servers under its control. Even after a user deletes a communication or file from their Google Account, it may continue to be available on Google's servers for a period of time.

## **CONCLUSION**

28. Based on the foregoing, I request that the Court issue the proposed search warrant.

29. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. Because the government will execute this warrant by serving the warrants on Google, who will compile the requested records at a time convenient to them, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

# ATTACHMENT A

## Property to Be Searched

This warrant applies to information that is stored at premises owned, maintained, controlled, or operated by Google, Inc., an electronic service provider, headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043, and associated with the following account identifiers ("Target Google Accounts"):

- ███████@gmail.com; and
- ███████@gmail.com.

10

# ATTACHMENT B

## Information to be Seized

### I. Information to be disclosed by Google LLC

To the extent the information described in Attachment A is within the possession, custody, or control of Google LLC, regardless of whether such information is located within or outside of the United States, including any messages, records, files, logs, or information that have been deleted but are still available to Google LLC or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Google LLC, is required to disclose the following information to the government for each account listed in Attachment A:

1. All business records and subscriber information, in any form kept, pertaining to the Account, including:

    a. Names (including subscriber names, user names, and screen names);

    b. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses, including alternate and recovery email addresses);

    c. Telephone numbers, including SMS recovery and alternate sign-in numbers; and

    d. Length of service (including start date and creation IP) and types of service utilized.

2. The contents of all records associated with the account in Google Drive (including Docs, Sheets, Forms, and Slides) and Google Keep from January 29, 2023 to the present, including: files, folders, media, notes and note titles, lists, and other data uploaded, created, stored, or shared with the account including drafts and deleted records; third-party application data and backups; SMS data and device backups; the creation and change history of each record; accounts with access to or which previously accessed each record; any location, device, other Google service (such as Google Classroom or Google Group), or third-party application associated with each record; and all associated logs, including access logs and IP addresses, of each record;

3. The contents of all media associated with the account in Google Photos, including: photos, GIFs, videos, animations, collages, icons, or other data uploaded, created, stored, or shared with the account, including drafts and deleted records; accounts with access to or which previously accessed each record; any location, device, or

11

third-party application data associated with each record; and all associated logs of each record, including the creation and change history, access logs, and IP addresses; and

4. Any other photo or video files saved by or otherwise associated with the accounts and stored using any service provided by Google.

Google LLC is hereby ordered to disclose the above information to the government within 14 DAYS of service of this warrant.

## II. Information to be seized by the government

All information described above in Section A that constitutes fruits, evidence, and instrumentalities of violations of Title 18, United States Code, Section 1591(a)(1) and (b)(2) (sex trafficking by force, fraud, or coercion) or Title 18, United States Code, Section 1594(b) (conspiracy to commit sex trafficking) involving MORRELL D. JOHNSON and/or any co-conspirators, including:

1. Any image or video depicting JOHNSON and/or any co-conspirator physically abusing, restraining, imprisoning, or threatening the victim referred to in the affidavit supporting this warrant as AV-6;

2. Any data associated with such image or video files, including data indicating when, where, or using what IP address those files were created, edited, uploaded, or saved; and

3. Evidence indicating the identity of the person(s) who created or used the accounts.

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.